IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MICHELLE BARNETT, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| ARAMARK NLNC HOSPITALITY LLC, | ) | Civil Action No. _____ |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant NLNC Hospitality LLC (referred to herein as "Defendant") (incorrectly named in the Complaint as "Aramark NLNC Hospitality LLC"), by and through its attorneys, files this Notice of Removal of the above captioned matter from General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and respectfully shows to this Court the following:

## I.   STATE COURT ACTION

1.     On June 4, 2025, Plaintiff Michelle Barnett ("Plaintiff") commenced this action by filing a Complaint and Jury Demand (the "Complaint") in the Superior Court of North Carolina, Mecklenburg County, captioned as *Michelle Barnett v. Aramark NLNC Hospitality LLC*, Docket No. 25-cv-027735-590.  A true and correct copy of the Complaint is attached as **Exhibit A**.

2.     Alias & Pluries Summons were filed on July 1, 2025, August 25, 2025, October 24, 2025, December 19, 2025, and December 30, 2025. True and correct copies of the Alias & Pluries Summons are attached as **Exhibits B-F**, respectively.

3.      On February 25, 2026, Plaintiff served the Complaint and Summons on Defendant. A true and correct copy of the Summons served on Defendant is attached as **Exhibit G**.

4.      No other proceedings in this action have been held in the Superior Court of North Carolina, and the documents attached as Exhibits A-G constitute all known pleadings filed with the North Carolina Superior Court in this case.

## II.     GROUNDS FOR REMOVAL OF STATE COURT ACTION

5.      Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7.       Furthermore, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine "whether a federal cause of action is present in a state court Complaint, a federal court examines whether the 'well pleaded complaint' relies on a federal question." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441.

8.      "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

2

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112– 113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

9. Here, the Complaint asserts that "Plaintiff files this action against Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* as amended ('Title VII') by subjecting her to a hostile work environment based upon sex."

10. Accordingly, because the Complaint explicitly asserts a cause of action under a federal law, the case is removable on this basis under 28 U.S.C. § 1441.

## III.   VENUE

11. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Western District of North Carolina, Charlotte Division, is the federal judicial district embracing the Superior Court of North Carolina, Mecklenburg County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

## VI.   TIMING OF REMOVAL

12. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of a copy of the Complaint and Summons on February 25, 2026, which is the earliest service date, and, therefore, has been timely filed under 28 U.S.C. § 1446(b).

13. In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of Superior Court for Mecklenburg County, North Carolina. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently submitting a Notice

3

of Filing of Notice of Removal for filing with the Clerk of Court for the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.  (*See* **Exhibit H**.)

14.	Defendant has made no previous application for the relief requested herein.

15.	By filing a Notice of Removal in this matter, Defendant does not waive, and expressly reserves, its right to assert any and all defenses and/or objections in this case, including its right to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

16.	The undersigned is counsel for Defendant and is duly authorized to effect removal on behalf of Defendant.

**WHEREFORE,** Defendant removes this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.


Respectfully submitted on this the 26th day of March, 2026.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ Charlotte C. Smith*
Charlotte C. Smith
N.C. State Bar No. 53616
8529 Six Forks Road, Forum IV, Suite 600
Raleigh, NC  27615
Phone: 919.789.3160 (RAS)/919-760-4150 (CCS)
bob.sar@ogletree.com
charlotte.smith@ogletree.com

*Attorneys for Defendant*

4

# <u>CERTIFICATE OF SERVICE</u>

I, Robert A. Sar, hereby certify that, on the date indicated herein, the foregoing Notice of Removal with attached exhibits were electronically filed via the Court's ECF filing system and served on the following via United States mail, first class, postage prepaid to:

Geraldine Sumter
N.C. Bar No. 11107
FERGUSON CHAMBERS & SUMTER, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff

Dated:  March 26, 2026

*/s/ Charlotte C. Smith*
Charlotte C. Smith